| | EFILED Document<br>CO Las Animas County District Court 3rd JD<br>Filing Date: Nov 17 2009 3:36PM MST<br>Filing ID: 28090718<br>Review Clerk: Gary Vigil |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br><br>Court Address: 200 East 1st Street<br>Trinidad, Colorado 81082 | |
| **Plaintiffs: SHIRLEY DOLL and JIMMIE KOCH**<br><br>v.<br><br>**Defendant: KAZ USA, INC. and KAZ, INC.** | |
| Attorney or Party Without Attorney:<br>Name:   Jennifer L. Crichton, #37994<br>            Stephen C. Kaufman, #10564<br>            Kidneigh & Kaufman, P.C.<br>Address: 730 17th Street<br>            Suite 635<br>            Denver, Colorado 80202<br><br>Phone Number: (303) 393-6666   Fax Number: (303) 393-0132<br>E-mail: jcrichton@kandkpc.com<br>        skaufman@kandkpc.com | ▲ COURT USE ONLY ▲<br><br>Case Number: 09 CV<br><br>Div.:            Ctrm: |
| DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM, OR THIRD PARTY COMPLAINT | |

This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

1. Check the boxes applicable to this case.

    ☐ Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

    ☒ Simplified Procedure under C.R.C.P. 16.1 **does not apply** to this case because (check one box below identifying why 16.1 does not apply)"
    ☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**
    ☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), **or**
    ☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

2. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: November 17, 2009            /s/ *Stephen C. Kaufman*
                                   Signature of Party or Attorney for Party

*In accordance with C.R.C.P. 121.§1-26(9), a duly signed copy of this document is on file with the office of Kidneigh & Kaufman, P.C. and will be made available to other parties or the Court upon request. Filed via LexisNexis.*

| | |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br><br>Court Address: 200 East 1st Street<br>                    Trinidad, Colorado 81082 | EFILED Document<br>CO Las Animas County District Court 3rd JD<br>Filing Date: Nov 17 2009 3:36PM MST<br>Filing ID: 28090718<br>Review Clerk: Gary Vigil |
| **Plaintiffs:** SHIRLEY DOLL and JIMMIE KOCH,<br><br>v.<br><br>**Defendants:** KAZ USA, INC. and KAZ, INC. | ▲ COURT USE ONLY ▲<br><br>Case Number: 09 CV<br><br>Div.:         Ctrm: |
| Plaintiff's Attorney:<br>Name: Jennifer L. Kaufman, #37994<br>         Stephen C. Kaufman, #10564<br>         Kidneigh & Kaufman, P.C.<br>Address: 730 17th Street<br>              Suite 635<br>              Denver, Colorado 80202<br>Phone Number: (303) 393-6666<br>Fax Number:    (303) 393-0132<br>E-mail: jkaufman@kandkpc.com<br>          skaufman@kandkpc.com | |
| **COMPLAINT AND JURY DEMAND** | |

**COME NOW** the Plaintiffs, by and through their attorneys, KIDNEIGH & KAUFMAN, P.C., and as claims against the Defendants, and each of them, state, allege, and aver as follows:

## FIRST CLAIM FOR RELIEF
### (Negligence)

1. The Plaintiff Shirley Doll (also known as Shirley Koch and Shirley Doll Koch) and Jimmie Koch are residents of the State of Colorado, residing at 21416 Lark Bunting Lane, Weston, Colorado 81091, and they have resided therein at all times necessary to this action.

2. At all times necessary to this action the Defendant, Kaz USA, Inc. (also known as, doing business as, and affiliated with as a parent or subsidiary corporation Kaz, Inc., Kaz Inc, and Kaz

Incorporated), was and is a Massachusetts corporation, organized, existing, and doing business under and by virtue of the laws of Massachusetts, with its offices and principle place of business being located at 250 Turnpike Road, Southborough, Massachusetts.

3. At all times necessary to this action the Defendant, Kaz, Inc. (also known as, doing business as, and affiliated with as a parent or subsidiary corporation Kaz USA, Inc., Kaz Inc, and Kaz Incorporated), was and is a New York corporation, organized, existing, and doing business under and by virtue of the laws of New York, with its offices and principle place of business being located at One Vapor Trail, Southborough, Massachusetts.

4. The Defendants Kaz USA, Inc. and Kaz, Inc. were doing business in the State of Colorado at all times necessary to this action.

5. At all times necessary to this action the Defendants Kaz USA, Inc. and Kaz, Inc. were in the business of designing, assembling, fabricating, formulating, producing, testing, constructing, packaging, labeling, manufacturing, distributing, selling, and otherwise preparing prior to sale heaters and their component parts, including, but not limited to, the Honeywell model number HZ-690 Oil Filled Convection Radiator Heater, and so designed, assembled, fabricated, formulated, produced, tested, constructed, packaged, labeled, manufactured, distributed, sold, and otherwise prepared prior to sale the Honeywell model number HZ-690 Oil Filled Convection Radiator Heater and its component parts which was purchased and used by the Plaintiffs as hereafter described in this Complaint and which caused injuries to the Plaintiffs as hereafter described in this Complaint.

6. Prior to February 14, 2008, Plaintiffs purchased a Honeywell model number HZ-690 Oil Filled Convection Radiator Heater (hereinafter referred to as the said HZ-690 heater). On or about February 14, 2008, while the said HZ-690 heater was turned on and in use in the Plaintiffs' residence, the address of which is set forth in paragraph 1 of this Complaint, the said HZ-690 heater overheated and failed, resulting in hot oil spewing forth from the said HZ-690 heater. As a result of this incident the said HZ-690 heater came in contact with the Plaintiff Shirley Doll and the hot oil coming from the said HZ-690 heater spewed onto various parts of the Plaintiff Shirley Doll's body.

7. The aforedescribed incident occurred due to a defect or defects in the design, construction, assembly, fabrication, formulation, production, construction, packaging, labeling, testing, and/or manufacture of the said HZ-690 heater, which defect or defects consisted of, but were not limited to, one or more of the following: improper manufacture assembly, design, testing, construction, fabrication, formulation, production, packaging, and labeling of the said HZ-690 heater; failure of the said HZ-690 heater to protect against the dangers associated with the said HZ-690 heater overheating; the lack of a tip over switch in the said HZ-690 heater; the lack of overheat protection in the said HZ-690 heater, including but not limited to, the lack of a thermal cutoff component or other electronic thermal protection; failure to properly warn consumers of the dangers associated with the said HZ-690 heater; and a failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of the said HZ-690 heater.

8. The aforedescribed incident involving the Plaintiff Shirley Doll and the said HZ-690 heater, occurred as a direct and proximate result of the negligence and carelessness of the Defendants, and each of them, or for which they are vicariously liable, which negligence and carelessness consisted of, but was not limited to, one or more of the following: improperly manufacturing assembling, designing, testing, constructing, fabricating, formulating, producing, packaging, and labeling the said HZ-690 heater; failure to protect against the dangers associated with the said HZ-690 heater overheating; failure to include a tip over switch in the said HZ-690 heater; failure to include overheat protection in the said HZ-690 heater, including but not limited to, a thermal cutoff component or other electronic thermal protection; failure to properly warn consumers of the dangers associated with the said HZ-690 heater; and a failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of the said HZ-690 heater.

9. As a direct and proximate result of the aforedescribed negligence and carelessness of the Defendants, and each of them, or for which they are vicariously liable, and further, as a direct and proximate result of the incident described in paragraph 6 of this Complaint, the Plaintiff Shirley Doll sustained grave and permanent bodily and psychological injuries, including, but not limited to, severe burns and injury to her face, head, neck, chest, shoulders, ears, eyes, eyelids, lips, arm, hands, and wrist, which injuries have resulted in extensive scarring, decrease in vision, depression, anxiety, limitations of motion, and degenerative changes, and the need for extensive medical care and treatment including, but not limited to, numerous surgeries and the taking of skin from various locations of her body, including but not limited to her chest, breast, leg, and above her collarbone, and behind her ear, to graft onto other parts of her body.

10. As a direct and proximate result of the negligence and carelessness of the Defendants, and each of them, or for which they are vicariously liable, and as a direct and proximate result of the incident described in paragraph 6 of this Complaint, the Plaintiff Shirley Doll has incurred in the past and will incur in the future, medical, rehabilitation, and physiotherapy expenses related thereto; has suffered in the past and will continue to suffer in the future, great mental and physical pain and suffering; has suffered in the past and will continue to suffer in the future a loss of income and of earning capacity; has suffered in the past and will continue to suffer in the future, a loss of time, travel expenses, a loss of enjoyment of life, impairment to the quality of life, inconvenience, and permanent impairment, disfigurement, and disability, and other economic and non-economic losses all to her compensatory damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Strict Liability)

11. Plaintiffs incorporate into this Second Claim for Relief, paragraphs 1 through 10 of this Complaint as though set fully forth herein.

12. At the time of the incident described in paragraph 6 of the Complaint, the said HZ-690 heater which caused Plaintiff Shirley Doll's injuries, damages, and losses as described in paragraphs 9 and 10 of this Complaint was defective as heretofore described in this Complaint in design, construction, assembly, packaging, labeling, formulation, fabrication, production and manufacture

at the time it left the Defendants' control and at the time it was sold by the Defendants and at the time it was purchased by the Plaintiffs, and because of these defects in design, construction, assembly, packaging, labeling, formulation, fabrication, production, and manufacture, the said HZ-690 heater was unreasonably dangerous for either its intended or foreseeable uses and to persons who might reasonably be expected to use it, including the Plaintiff Shirley Doll.

13. The Defendants sold the said HZ-690 heater for ultimate purchase by the consuming public and the said HZ-690 heater was expected by the Defendant to reach the consumer after leaving the Defendants' control without substantial change in condition and did, in fact, so reach the Plaintiffs.

14. The defects in design, construction, assembly, packaging, labeling, formulation, fabrication, production and manufacture of the said HZ-690 heater were a direct and proximate cause of the Plaintiff Shirley Doll's injuries, damages, and losses as set forth in paragraphs 9 and 10 of this Complaint, and thus the Defendants, and each of them, are strictly liable to the Plaintiff Shirley Doll for the said injuries, damages, and losses she has suffered and will continue to suffer.

### THIRD CLAIM FOR RELIEF
(Strict Liability for Misrepresentation of Product)

15. Plaintiffs incorporate into this Third Claim for Relief, paragraphs 1 through 14 of this Complaint as though set fully forth herein.

16. The Defendants were at all times necessary to this action in the business of selling heaters, including the said HZ-690 heater involved in the incident described in paragraph 6 of this Complaint and which caused the Plaintiff Shirley Doll's injuries, damages, and losses as described in paragraphs 9 and 10 of this Complaint

17. The Defendants made misrepresentations of material fact concerning the character and quality of their heaters, including the model HZ-690 heaters and the said HZ-690 heater purchased and used by the Plaintiffs, through advertising, packaging, labeling, promotional literature, and otherwise, which were distributed to the public, of which the Plaintiffs were members,

18. The Plaintiffs justifiably relied on the Defendants' misrepresentations and were induced thereby to purchase the said HZ-690 heater and to suffer injuries, damages, and losses as a result.

19. At the time of the incident described in paragraph 6 of this Complaint, the said HZ-690 heater was not as represented by the Defendants and, as a direct and proximate result, the Plaintiff Shirley Doll suffered the injuries, damages, and losses as set forth in paragraphs 9 and 10 of this Complaint, such that the Defendants, and each of them, are liable to the Plaintiff Shirley Doll for the said injuries, damages, and losses she has suffered and will continue to suffer as a result of such misrepresentations.

### FOURTH CLAIM FOR RELIEF
(Breach of Express and Implied Warranty)

20. Plaintiffs incorporate into this Fourth Claim for Relief, paragraphs 1 through 19 of this Complaint as though set fully forth herein.

21. At the time of the incident described in paragraph 6 of this Complaint, the said HZ-690 heater, which was designed, tested, constructed, produced, formulated, fabricated, assembled, labeled, packaged, manufactured, promoted, advertised, distributed and sold by the Defendants, was not fit for the ordinary purpose for which it was intended and for which it was to be used and was not of merchantable quality at the time it was offered for sale, nor did the said HZ-690 heater conform to the Defendants' promises or affirmations of fact made with respect to the said HZ-690 heater.

22. The Defendants knew or had reason to know the particular purpose for which the said HZ-690 heater was required and that the Plaintiffs were relying on Defendants' skill or judgment to select or furnish goods suitable for that purpose.

23. The Plaintiffs relied to their detriment on the implied warranties of the Defendants as set forth in C.R.S. 4-2-314 and 4-2-315.

24. The Defendants, through their advertising, packaging, and printed materials, expressly warranted that the said HZ-690 heater was safe and fit for the use for which it was intended. The Defendants breached their express warranty contained within said sources.

25. The Plaintiffs relied to their detriment on the express warranties of the Defendants as set forth in C.R.S. 4-2-313.

26. The Plaintiffs were third-party beneficiaries of express and implied warranties made by the Defendants to others as set forth in C.R.S. 4-2-318.

27. Plaintiffs provided notice to the Defendants with respect to the said breach of warranties in accord with C.R.S. 4-2-607(3).

28. As a direct and proximate result of the Defendants' breach of implied and express warranties, the Plaintiff Shirley Doll suffered the injuries, damages, and losses as set forth in paragraphs 9 and 10 of this Complaint, such that the Defendants, and each of them, are liable to the Plaintiff Shirley Doll for the said injuries, damages, and losses she has suffered and will continue to suffer as a result of the Defendants' aforedescribed breach of warranties.

**FIFTH CLAIM FOR RELIEF**
**(Colorado Consumer Protection Act)**

29. Plaintiffs incorporate into this Fifth Claim for Relief, paragraphs 1 through 28 of this Complaint as though set fully forth herein.

30. At all times necessary to this action the Defendants sold goods consisting of model HZ-690 heaters to the public and sold the said HZ-690 heater to the Plaintiffs, such that the Plaintiffs were actual consumers of the Defendants' goods, that being the said HZ-690 heater.

31. In advertising, promoting, marketing, packaging, labeling, and selling of said goods consisting of the model HZ-690 heater to the public, the Defendants, and each of them, in the course of their business, engaged in unfair and deceptive trade practices in violation of C.R.S. 6-1-105 in that the Defendants did the following: knowingly made false representations as to the characteristics of its said goods and services; represented that its said goods and services were of a certain standard or quality when it knew or should of known that they were of another standard or quality; knowingly passed off its said goods as those of another; knowingly made a false representation as to the source, sponsorship, approval, or certification of said goods; knowingly made a false representation as to affiliation, connection, or association with or certification by another; and failed to disclose material information concerning its said goods, which information was known to it at the time of an advertisement or sale of said goods and services and the failure of the Defendants, and each of them, was intended to induce the consumer to enter into a transaction.

32. For example, and not by way of limitation, the Defendants, and each of them, made assertions on said goods and in its advertising, promoting, labeling, packaging, marketing, and selling of said goods to the public as to the safety and characteristics of said goods and as to Honeywell's association with said goods, which assertions constituted unfair and deceptive trade practices as described above in paragraph 31 of this Complaint in violation of C.R.S. 6-1-105.

33. The aforedescribed unfair and deceptive trade practices of the Defendants, and each of them, committed in violation of C.R.S. 6-1-105, were committed in "bad faith" as that term is defined in C.R.S. 6-1-113.

34. The aforedescribed unfair and deceptive trade practices of the Defendants, and each of them, committed in violation of C.R.S. 6-1-105 significantly impacted the public as actual and potential consumers of the Defendants' said goods and caused the Plaintiff Shirley Doll to suffer injury to a legally protected interest and the injuries, damages, and losses as described in paragraphs 9 and 10 of this Complaint, such that the Plaintiff Shirley Doll is entitled to a recovery from the Defendants, and each of them, of the greater of her actual damages or the statutory minimum or three times the amount of actual damages sustained pursuant to C.R.S. 6-1-113, plus costs and reasonable attorneys fees pursuant to said statue.

### SIXTH CLAIM FOR RELIEF
(Loss of Consortium)

35. Plaintiffs incorporate into this Sixth Claim for Relief, paragraphs 1 through 34 of this

Complaint as though set fully forth herein.

36. At all times necessary to the within action, the Plaintiffs, Shirley Doll and Jimmie Koch, were and are married and have resided together as wife and husband.

37. As a direct and proximate result of the aforedescribed negligence and carelessness of Defendants, and each of them, or for which they are vicariously liable, their breaches of express and implied warranties as aforedescribed, their misrepresentations of its Honeywell HZ-690 heater as aforedescribed, their involvement with the HZ-690 heater which makes them strictly liable as aforedescribed, and their conduct in violation of the Colorado Consumer Protection Act as aforedescribed, and further, as a direct and proximate result of the incident aforedescribed in paragraph 6 of this Complaint, the Plaintiff, Jimmie Koch, has suffered a loss of time, loss of income, loss of consortium, affection, love, society, comfort, companionship, and household services of his spouse, Shirley Doll, and other economic and noneconomic damages, all to his loss, damage, and injury in an amount to be determined at trial, and has suffered damages for which he is entitled to recover for pursuant to C.R.S. 6-1-113 of the Colorado Consumer Protection Act in an amount which would be the greater of his actual damages or the statutory minimum or three times the amount of actual damages sustained, plus costs and reasonable attorneys fees.

**WHEREFORE**, the Plaintiffs herein pray for judgment against the Defendants Kaz USA, Inc. and Kaz, Inc., jointly and severally, as follows:

1. For judgment in favor of Plaintiff Shirley Doll in an amount to be determined at trial as and for compensatory damages;

2. For judgment in favor of Plaintiff Shirley Doll in an amount which is the greater of her actual damages or the minimum amount allowed for by statute or three times the amount of actual damages sustained pursuant to C.R.S. 6-1-113, plus costs and reasonable attorneys fees pursuant to said statute;

3. For judgment in favor of Plaintiff, Jimmie Koch, in an amount to be determined at trial as and for compensatory damages;

4. For judgment in favor of Plaintiff Jimmie Koch in an amount which is the greater of his actual damages or the minimum amount allowed for by statute or three times the amount of actual damages sustained pursuant to C.R.S. 6-1-113, plus costs and reasonable attorneys fees pursuant to said statute;

5. For judgment in favor of the Plaintiffs, Shirley Doll and Jimmie Koch, awarding pre and post judgment interest as provided by law, costs, expert witness fees, attorneys' fees, expenses, and such other relief as the court may deem proper in the premises.

**PLAINTIFFS HEREBY DEMAND TRIAL BY A JURY ON ALL ISSUES**

Respectfully submitted,

*Filed via LexisNexis*
*A duly signed original on file with the*
*office of Kidneigh & Kaufman, P.C.*

*/s/ Stephen C. Kaufman*
JENNIFER L. KAUFMAN- # 37994
STEPHEN C. KAUFMAN- # 10564

Plaintiffs' Address:

21416 Lark Bunting Lane
Weston, Colorado 81091

| | |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br><br>Court Address: 200 East 1st Street,<br>            Trinidad, Colorado 81082<br><br><br>Plaintiff: SHIRLEY DOLL and JIMMIE KOCH<br>v.<br><br>Defendant: KAZ USA, INC. and KAZ, INC.<br><br><br>Plaintiff's Attorney:<br>  Name: Jennifer L. Crichton, #37994<br>        Stephen C. Kaufman, #10564<br>        Kidneigh & Kaufman, P.C.<br>  Address: 730 17th Street<br>           Suite 635<br>           Denver, Colorado 80202<br>Phone Number: (303) 393-6666<br>Fax Number: (303) 393-0132<br>E-mail: jcrichton@kandkpc.com<br>        skaufman@kandkpc.com | EFILED Document<br>CO Las Animas County District Court 3rd JD<br>Filing Date: Nov 20 2009 5:05PM MST<br>Filing ID: 28166847<br>Review Clerk: Gary Vigil<br><br><br>Δ COURT USE ONLY Δ<br><br>Case Number:<br><br>Div.:      Ctrm: |

## ACCEPTANCE OF SERVICE

**COME NOW** the Defendants, Kaz USA, Inc. and Kaz, Inc., by and through their attorney Mark Harris, and pursuant to Rule 4(i) of the Colorado Rules of Civil Procedure, and hereby consent to and admit service of process of the Summons and Complaint and Jury Demand heretofore filed by Plaintiff in the within matter this 20th day November, 2009, and consent to the Court's jurisdiction to determine all issues raised by the pleadings, the same as if they had been served by personal service in the regular manner within the State of Colorado, and state and allege that Defendants are not engaged in the military service of the United States or its allies.

Mark E. Harris - #34375
Treece Alfrey Musat & Bosworth
999 18th Street, #1600
Denver, CO 80202

STATE OF COLORADO    )
                     ) ss:
COUNTY OF Denver     )

Subscribed and sworn to before me this 20th day of November, 2009, by Mark E. Harris.

My commission expires:    04/14/11

*Susan M. Waldrop*
Notary Public

| | |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br><br>Court Address: 200 East 1st Street<br>Trinidad, Colorado 81082 | EFILED Document<br>CO Las Animas County District Court 3rd JD<br>Filing Date: Nov 25 2009 2:24PM MST<br>Filing ID: 28236822<br>Review Clerk: Gary Vigil |
| **Plaintiffs: SHIRLEY DOLL and JIMMIE KOCH**<br>v.<br><br>**Defendant: KAZ USA, INC. and KAZ, INC.** | ▲ COURT USE ONLY ▲ |
| Plaintiff's Attorney:<br>Name: Jennifer L. Crichton, #37994<br>       Stephen C. Kaufman, #10564<br>       Kidneigh & Kaufman, P.C.<br>Address: 730 17th Street, Suite 635<br>        Denver, Colorado 80202<br>Phone Number: (303) 393-6666<br>Fax Number: (303) 393-0132<br>E-mail: jcrichton@kandkpc.com<br>      skaufman@kandkpc.com | Case Number: 09 CV 170<br><br>Div: D      Ctrm: |

**NOTICE TO ELECT EXCLUSION FROM C.R.C.P. 16.1 SIMPLIFIED PROCEDURE**

Simplified Procedure under C.R.C.P. 16.1 is intended to be a less expensive and faster method of handling civil cases and applies where amount sought against each party is $100,000.00 or less, see C.R.C.P. 16.1(c). The Rule requires early and full disclosure of the information that each party has about the dispute and addresses what evidence will be introduced at trial.

The party and attorney, if applicable, signing this Notice hereby elect to exclude this case from the Simplified Procedure under C.R.C.P. 16.1. This election is being filed with the Court no later than the time provided by C.R.C.P. 16.1(d).

**IT IS UNDERSTOOD THAT ONCE THIS NOTICE OF EXCLUSION IS FILED WITH THE COURT, THE PROCEDURES OF C.R.C.P. 16, CASE MANAGEMENT AND TRIAL MANAGEMENT WILL APPLY TO THIS CASE.**

This Notice must be signed by the party and, if represented, by the attorney.

Date: Nov 20th 09        _Shirley Doll_
                         Signature of Party

Date: Nov 20th 09        _Jemmaie Kock_
                         Signature of Party

Date: Nov. 25, 2009      /s/ Stephen C. Kaufman
                         Signature of Attorney for Party

*In accordance with C.R.C.P. 121§1-26(9), a duly signed copy of this document is on file with the office of Kidneigh & Kaufman, P.C. and will be made available to other parties of the Court upon request.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2009, this **NOTICE TO ELECT EXCLUSION FROM C.R.C.P 16.1 SIMPLIFIED PROCEDURE** was efiled with the Court and true and accurate copies of the Notice were served on the following, via LexisNexis:

Mark E. Harris, Esq.
Treece Alfrey Musat & Bosworth
999 18th Street, #1600
Denver, CO 80202

/s/ Stephen C. Kaufman
Signature of Party or Attorney for Party

-3-