IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-2976-LTB-BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

Plaintiffs,

v.

KAZ USA, INC. and
KAZ, INC.,

Defendants

_____

**~~STIPULATED~~ PROTECTIVE ORDER**
_____

The parties hereto, by and through their respective counsel, **have stipulated to the entry of this Protective Order. Accordingly,** ~~hereby stipulate as follows:~~

**IT IS ORDERED:**

1. The term "Confidential Information" shall mean **information that is confidential and implicates common law and statutory privacy interests.** ~~and include any and all documents and records regarding Plaintiffs' medical records and medical information as well as Defendant's business records, policies, manuals, proprietary product information, or other related documents.~~ Any and all such **materials may** ~~records and information shall~~ be designated as "Confidential."

2. The following persons may have access to Confidential Information in this action:

      a.      The parties, their employees, and their agents;

      b.      Counsel for the parties, including their in-house counsel, if any, who are not involved in management of business affairs of their company;

      c.      Expert witnesses retained by counsel for the parties;

      d.      The adjusters of any insurance company providing a defense to any of the parties and any insurance company who may have a duty to indemnify any of the parties;

      e.      Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

      f.      Clerical personnel and paralegal assistants employed by counsel for the parties; and

      g.      Such other persons as may hereafter be qualified to receive Confidential Information in this action pursuant to this Protective Order.

3.      With the exception of Plaintiffs' medical records, any Confidential Information filed with the Court in this action shall be so designated as "Confidential" by the filing party as exhibits and shall be requested to be ordered sealed by the Court. ~~Upon final resolution of this action, including appellate proceedings, if any, the parties or their designated representative may, upon request, obtain the sealed Confidential Information from the Court's file.~~

4.      Confidential Information shall be used only in connection with this lawsuit, and for no other purpose whatsoever.

5. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

6. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

7. The parties shall comply with D.C.Colo.LCivR 7.2 regarding the submission of documents to be sealed.

8. When Confidential Information is discussed, quoted or referred to in any deposition, hearing, trial or other proceeding, the disclosing party shall take reasonable precautions to ensure that only persons qualified to have access pursuant to this Protective Order are present.

9. When Confidential Information is incorporated in a transcript of a deposition, ~~hearing, trial or other proceeding~~, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information.

10. Information disclosed at a deposition may be designated as Confidential Information by any party to this action by indicating on the record at the deposition that the testimony is Confidential Information, or by notifying the opposing party in writing within three (3) business days of the receipt of the transcript of those pages and lines that are Confidential Information. Information disclosed at a deposition that is not designated as Confidential

Information under the procedure set forth above shall not thereafter be designated as Confidential Information.

11. This Protective Order is not intended to resolve any discovery objections on the grounds of attorney-client privilege or work product, nor is it intended to resolve the admissibility of any materials covered by this Protective Order.

12. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of documents or information designated Confidential Information provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content or the source of such information or documents contrary to the terms of this Protective Order.

13. Nothing in this Protective Order shall bar or otherwise prevent disclosure of documents, materials or information if, despite the fact that a party has designated the same as Confidential the disclosing party subsequently consents to such disclosure in writing.

14. Each party and each attorney for a party agrees to act reasonably and in good faith in designating documents, materials or information as Confidential Information and agree to be bound by the terms of this Stipulated Protective Order and the Court's Order. All of Plaintiff's medical records are confidential and shall be treated as confidential under this Protective Order without it being necessary for Plaintiff to place the designation "confidential" on any of her medical records.

15.     **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~If any party receiving documents, materials or information designated as Confidential Information disputes the designation on any grounds, it shall first inform counsel for the disclosing party in writing of its disagreement with the designation and specific grounds for such a disagreement. The parties shall act reasonably and in good faith in attempting to resolve such a dispute. The Court retains jurisdiction to resolve any disputes arising under the terms of this Protective Order.  The receiving party shall not disclose the disputed documents, materials or~~

~~information to any person not permitted to have access until the dispute has been resolved between the parties in dispute or ruled upon by the Court.~~

16. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties and any non-party acknowledging these terms pursuant to Paragraph 5 of this Protective Order.

17. Any agents or third parties, including but not limited to expert witnesses, who have possession of Confidential Information, must acknowledge in writing by executing a document in the form of Exhibit 1, attached hereto, that they are subject to this Stipulated Protective Order and that this Court retains jurisdiction over them to ensure their compliance therewith and to determine sanctions in the event of their non-compliance.

~~18. The parties and their respective counsel shall not be liable for sanctions for any breach of this Order committed by any third party.~~

Dated January 29, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Respectfully submitted,

*/s/ Stephen C. Kaufman*
Stephen C. Kaufman
Jennifer L. Crichton
Attorneys for Plaintiffs Shirley Doll Koch
and Jimmie Koch
Kidneigh & Kaufman, P.C.
730 17th Street, Suite 635
Denver, Colorado 80202
Telephone:  (303) 393-6666
Fax: (303) 393-0132
E-mail:  skaufman@kandkpc.com
E-mail:  jcrichton@kandkpc.com

*/s/ Mark E. Harris*
Mark E. Harris
Laura A. Hass
Attorneys for Defendants Kaz USA, Inc. and Kaz, Inc.
Treece, Alfrey, Musat & Bosworth, P.C.
999 Eighteenth Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 292-2700
Fax: (303) 295-0414
Email: mharris@tamblaw.com
Email: lhass@tamblaw.com

~~THIS MATTER coming before this Court on the Parties' Stipulation, the Court hereby adopts the foregoing Protective Order.~~

~~Done this _____ day of _____, 2010.~~

~~BY THE COURT:~~

~~United States Magistrate Judge~~

Exhibit 1

I have read the foregoing Stipulated Protective Order and agree to be bound by its terms and hereby agree that the Court shall have and retain jurisdiction over me to ensure my compliance therewith and to determine sanctions in the event of my non-compliance.

_____            _____
Signature                                              Date