IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02976-LTB-BNB

SHIRLEY DOLL KOCH, and
JIMMIE KOCH,

Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

Defendants.

_____

## ORDER
_____

This matter arises on the following:

(1)   Plaintiffs' **Motion to Compel and for Determination of Sufficiency of Responses to Requests for Admission** [Doc. # 28, filed 6/11/2010] (the "Motion to Compel");

(2)   The parties' **Joint Motion to Amend Scheduling Order** [Doc. # 36, filed 7/12/2010] (the "Motion for Enlargement of Time"); and

(3)   Plaintiffs' **Motion to Modify Scheduling Order Re: Interrogatories** [Doc. # 37, filed 7/12/2010] (the "Motion for More Interrogatories").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here. In summary and for the reasons stated on the record:

IT IS ORDERED that the Motion to Compel [Doc. # 28] is GRANTED IN PART and DENIED IN PART as follows:

- GRANTED with respect to Interrogatory No. 4 to require the defendants to provide information responsive to the following requests: Indicate whether the defendants or either of them made any version of the HZ-690 heater with overheat protection and, if so, state the type of overheat protection utilized in each version and the countries where each version was sold;

- GRANTED with respect to Interrogatory No. 5 to require the defendants to provide information responsive to the following requests: Identify any representative of the defendants or either of them who proposed making the HZ-690 heaters that did not include a thermal cut-off or tip-over sensor and state whether the difference in electrical current between that used in the United States and that used in Europe played a role in the decision;

- GRANTED with respect to Interrogatory No. 30 to require the defendants to produce copies of all warnings issued anywhere in the world by the defendants or either of them concerning the HZ690 heaters for the period of time from January 1, 2005, to December 31, 2008;

- GRANTED to require the defendants to admit, deny, or state in detail why they cannot truthfully admit or deny Admission Requests No. 5, 6, and 7;

- DENIED with respect to Interrogatories No. 6, 7, 13, 14, 20, and 21, which are overbroad;

- DENIED with respect to Interrogatory No. 17, which is vague, overbroad, and generally incomprehensible;

- DENIED with respect to Interrogatory No. 19, which is vague;

- DENIED with respect to Interrogatory No. 31, which is vague and overbroad;

• DENIED with respect to Admission Requests No. 1, 2, 9, 10, 11, and 12, which are vague and argumentative and which do not seek admissions relating to facts, the application of law to facts, or the genuineness of documents; and

• DENIED with respect to Production Request No. 10 because the defendants do not possess any exemplar HZ-690 heaters.

IT IS FURTHER ORDERED that the defendants shall serve supplemental discovery responses consistent with this order on or before **July 23, 2010**.

IT IS FURTHER ORDERED that the Motion for Enlargement of Time [Doc. # 36] is DENIED, no good cause having been shown.

IT IS FURTHER ORDERED that the Motion for More Interrogatories [Doc. # 37] is DENIED as unnecessary.

Dated July 13, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge