IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02976-LTB-BNB

SHIRLEY DOLL KOCH, and
JIMMIE KOCH,

Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) Defendants' **Motion to Strike the Letters Produced With Plaintiffs' Sixteenth and Nineteenth Supplemental Rule 26(a)(1) Disclosures** [Doc. # 159, filed 5/23/2011] (the "Motion to Strike Expert Letters");

(2) **Defendants' Motion to Take the Depositions of Shannon Doll and Tara Smith** [Doc. # 164, filed 5/26/2011] (the "Motion to Amend Scheduling Order"); and

(3) **Defendants' Motion to Strike Plaintiff Shirley Doll Koch's Supplemental Answer to Defendants' First Set of Interrogatories** [Doc. # 167, filed 6/2/2011] (the "Motion to Strike Supplemental Interrogatory Answer").

This case was removed to this court on December 21, 2009. A scheduling conference was held on February 18, 2010. The discovery cut-off was December 1, 2010, Scheduling Order [Doc. # 21], which was later extended to December 17, 2010. Minute Order [Doc. # 89]. Trial

is scheduled to commence on October 3, 2011.

Several last minute events have thrown the case into turmoil.

First, on January 5, 2011, (after the close of discovery) the plaintiffs served their Sixteenth Supplemental Disclosure which included a letter from Dr. Durairaj, one of Mrs. Koch's treating physicians, which states:

> Shirley will continue to need ophthalmology examinations at least on a monthly basis for the next several years.  Potential future surgeries include eyelid reconstruction and facial reconstruction to help protect her left eye.  There is a possibility that she may need a corneal transplant in the future to help correct her scarred cornea from previous exposure.  Although it is difficult to estimate the cost of future treatment and rehabilitation, it is my estimate that each surgery will entail at least $10,000-$20,000 in costs and each examination will incur approximately $100 per visit.  I anticipate that she will need, at the minimum, 4-5 surgeries in the future.

Motion to Strike Expert Letters [Doc. # 159] at ¶4.

On February 28, 2011, (also after the close of discovery) the plaintiffs served their Nineteenth Supplemental Disclosure which included a letter from Dr. Krutsch, another of Mrs. Koch's treating physicians, which states:

> [The plaintiff] will most likely always have pain and will need to be followed by a pain specialist monthly.  She will also probably need opoid and/or analgesic therapy indefinitely.  It may also be necessary to do interventional procedures, such as nerve blocks to the face and head periodically to help manage the intensity of her pain.

Id. at ¶ 6.

Based on these letters and the additional treatments which they identify, the plaintiffs served their Twentieth and 21st Supplemental Disclosures on March 2 and 7, 2011, respectively, increasing their claimed damages by more than $300,000.  Id. at ¶¶7-8.

Second, on April 7, 2011, Mrs. Koch produced (belatedly) her telephone records which showed that in the hours immediately following her injury, a 15-minute telephone call was placed from Mrs. Koch's land line to her daughter, Shannon Doll. In addition, in January 2011 Mrs. Koch's other daughter, Tara Smith, disclosed that Mrs. Koch stayed at her home shortly after the accident.

Third, on May 11, 2011, (long after the close of discovery) Mrs. Koch served a supplemental interrogatory answer in response to an inquiry to "describe with specificity how the incident occurred." Motion to Strike Supplemental Interrogatory Answer [Doc. # 167] at p. 2. Previously, Mrs. Koch had responded:

> Other than hearing a "popping sound" coming from the heater, I cannot remember anything from the day of the incident.

Id. at p. 2. In her supplemental answer of May 11, however, Mrs. Koch claimed to have recovered certain memories and stated:

> Recently I regained additional memory about the day of the accident and what happened. In addition to my previous answer I now remember the following: I recall sitting down to eat breakfast the day of my accident and then I started doing laundry about 6:30 a.m. I was doing about 14 loads, which included clothes, curtains, and bedding. At approximately 2:45 p.m. I went to lay down on the bed in my bedroom because I was planning on watching Oprah. I fell asleep before Oprah came on and woke up when I heard a bang, like something popping open. There was smoke in the room and the smell was horrific. I started scooting towards the bottom of the bed to slide off. I saw the clock on the wall and it was something before 4:00. I was thinking I needed to open a window, but no I need to get out the door. I have no memories after that for the day of the accident.

Id. at ¶7.

As to the recovered memories, plaintiffs' counsel made a compelling argument at the

hearing on the motions. He argued that recovered memories are not constrained by a discovery schedule, even one set by a federal court; Mrs. Koch now asserts that she has additional recollection of the events surrounding her injury; and these facts must be presented to the jury so that it may consider all the evidence in its search for the truth.

### 1. Motion to Strike Expert Letters

The full relief sought by the defendants with respect to the treating physicians is an order striking the letters <u>and</u> precluding plaintiffs "from offering evidence at trial with respect to the recommendations made in the letters and the estimated costs associated therewith." Motion to Strike Expert Letters [Doc. # 159] at p. 6.

The Tenth Circuit Court of Appeals has described the exclusion of evidence as "a drastic sanction." <u>Summers v. Missouri Pacific Railroad System</u>, 132 F.3d 599, 604 (10th Cir. 1997). Factors to be considered in deciding whether to exclude testimony include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

<u>Id</u>.; <u>Washington v. Arapahoe County Dept. of Social Services</u>, 197 F.R.D. 439 (D. Colo. 2000).

Although the treating physicians' letters provide greater detail concerning the proposed future treatment of Mrs. Koch and associated costs, the general nature and extent of Mrs. Koch's injuries are well known to the defendants and are generally documented in her medical records, including those of Drs. Durairaj and Krutsch, which have been previously disclosed. Although the recent letters no doubt create some surprise, in view of the plaintiffs' previous disclosures I find that the degree of surprise is not substantial. There is adequate time to cure the surprise, and

I will allow the defendants, at their option, to depose Drs. Durairaj and Krutsch about their opinions concerning Mrs. Koch's injuries, future treatment of the injuries, and associated costs of treatment. None of this will disrupt the orderly and efficient trial of the case, and there is no evidence of bad faith or willfulness by Mrs. Koch or her counsel.

Applying the factors set out in Summers leads me to conclude that the Motion to Strike Expert Letters must be denied.

### 2. Motion to Amend Scheduling Order

Although not so captioned, the defendants' request to depose Mrs. Koch's daughters seeks to amend the case schedule to reopen discovery to allow two additional depositions. A scheduling order may be amended only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted).

Here, due to the late disclosure of Mrs. Koch's telephone records and the defendants' determination after the close of discovery that Mrs. Koch stayed with her daughter following her injury, I find that the need to depose the daughters could not have been known prior to the close of discovery. Consequently, good cause exists to reopen discovery to allow the depositions of Shannon Doll and Tara Smith, and the Motion to Amend Scheduling Order to allow those

depositions should be granted.

### 3. Motion to Strike Supplemental Interrogatory Answer

Through the Motion to Strike Supplemental Interrogatory Answer, the defendants seek an order striking the supplemental discovery response and precluding the plaintiffs from offering evidence at trial regarding the recovered memories or, in the alternative, an opportunity to reopen the deposition of Mrs. Koch.  Motion to Strike Supplemental Interrogatory Answer [Doc. # 167] at p. 4.  The plaintiffs concede that the defendants should be allowed to question Mrs. Koch about her recovered memories, but argue that the deposition should be limited to the new memories only and should not exceed one hour.  Response [Doc. # 174] at pp. 3-4.

Applying the factors set out in Summers, I find that the defendants' request to exclude testimony about the recovered memories must be denied.  Although the defendants are surprised by the recovered memories, that surprise may be cured by reopening Mrs. Koch's deposition.  Allowing additional questioning of Mrs. Koch will not disrupt the trial of the case, and I find that there is no bad faith or willfulness involved in the recovered memories.

The recovered memories permeate the factual bases of the plaintiffs' claims.  Consequently, I will not impose either a topical or a time limit on Mrs. Koch's reopened deposition, other than the presumptive seven hours.  If the plaintiffs perceive that abuse is occurring in connection with the defendants' questioning during the reopened deposition (which I do not anticipate), they may seek relief pursuant to D.C.COLO.LCivR 30.3A(3).

IT IS ORDERED:

(1)     The Motion to Strike Expert Letters [Doc. # 159] is DENIED;

(2)     The Motion to Amend Scheduling Order [Doc. # 164] is GRANTED;

(3)     The Motion to Strike Supplemental Interrogatory Answer [Doc. # 167] is DENIED insofar as it seeks to exclude evidence but is GRANTED to allow the deposition of Mrs. Koch to be reopened; and

(4)     Discovery is reopened solely to allow the following depositions or reopened depositions: (i) Dr. Vikram Durairaj; (ii) Dr. Jason Krutsch; (iii) Shannon Doll; (iv) Tara Smith; and (v) Shirley Doll Koch.  Each deposition shall not exceed one day of seven hours.  The depositions shall occur at the dates and times as the parties may agree, but must be concluded no later than July 29, 2011.

Dated June 23, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge