IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-02976 - LTB - BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

      Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

      Defendants.

_____

## ORDER

_____

This case is before me on Defendants' Motion for Summary Judgment on Claims for

Violation of Colorado Consumer Protection Act ("CCPA") and Strict Liability for

Misrepresentation of Product (First Motion for Summary Judgment) [Doc # 92] and Plaintiffs'

related Motion to Strike That Portion of Defendants' Reply in Support of Defendant's First

Motion for Summary Judgment Arguing that Plaintiffs' CCPA Claims are Preempted by

Trademark Law [Doc # 135].  After consideration of the motions and all related pleadings, as

well as the case file, I grant Defendants' First Motion for Summary Judgment in part and deny it

in part and deny Plaintiffs' Motion to Strike as set forth below.

## I.  Background

This action arises out of injuries that Plaintiff Shirley Doll Koch sustained when a

Honeywell model number HZ-690 Oil Filled Convection Radiator Heater allegedly overheated

and ruptured at a weld spot, causing the release of hot oil that burned Mrs. Koch's face and

body. Mrs. Koch alleges that the HZ-690 heater was a defective product because it lacked common safety features and has asserted claims against Defendants for negligence, strict liability, strict liability for misrepresentation of a product, breach of express and implied warranty, and violation of the Colorado Consumer Protection Act (the "CCPA").  Plaintiff Jimmie Koch has asserted a claim against Defendants for loss of consortium.  It is undisputed in this diversity case that Colorado state law controls.  The following facts are undisputed for purposes of Defendants' First Motion for Summary Judgment unless otherwise noted.

On the evening of February 14, 2008, Mrs. Koch was found unconscious by her husband with the HZ-690 heater resting on the left side of her face.  Mrs. Koch suffered third-degree burns to her face and head where her skin had come in contact with the heater and second-degree burns where her skin had come in contact with either radiant heat or oil from the heater.  Little is known about the circumstances preceding Mrs. Koch's injuries as Mrs. Koch was home alone that day and has little recollection of how she ended up on the floor of her bedroom with the heater on her face.  Experts for both Plaintiffs and Defendants have opined, however, that the release of hot oil from the heater was caused by the fact that the heater was tipped on its side and inverted resulting in the build-up of excessive pressure inside the heater.

In June of 2002, Defendant Kaz, Inc. and Honeywell Intellectual Properties, Inc. ("Honeywell") entered into a Trademark License Agreement and Business Purchase Agreement pursuant to which Kaz, Inc. "acquired [Honeywell's] consumer products business unit."  In September of 2004, Kaz, Inc. And Honeywell entered into an Amended and Restated Trademark License Agreement (the "Agreement") pursuant to which Honeywell granted Kaz, Inc., among other things, "an exclusive, non-transferable license to use ... the Licensed Trademarks,"

including the name "Honeywell," and the "Honeywell Red Logo," on or in relation to products including portable heaters sold by Honeywell's consumer products division.  The Agreement required Kaz, Inc. to "maintain the quality and performance standards ... established by Honeywell" and made it "solely responsible for the manufacture, production, sale and distribution of the Licensed Products," including portable heaters.

The HZ-690 that is at issue in this case was packaged in a box prominently displaying the Honeywell name in white lettering against a red backdrop at the top of all sides of the box and on the top of the box.  The Honeywell name also appears in a photograph of the heater on the front of the box.  The box contains the following statements in much smaller print than the Honeywell name on the sides and top of the box:

> © 2006 All Rights Reserved
> Kaz Incorporated
> 250 Turnpike Road
> Southborough, MA 01772 USA
> Made In China
> The Honeywell Trademark is used by
> Kaz, Inc. under license from Honeywell
> Intellectual Properties, Inc.
>
> Any Questions? 1-800-477-0457
> Call toll-free to talk to a technical expert
> Visit our website: www.kaz.com

Similar references to Kaz, Inc. appear on the HZ-690 heater itself.  The box for the HZ-690 heater also displays the following representations:

> This Product Exceeds Industry Standards;
>
> Safety Matters;
>
> Permanently Sealed – Oil Never Requires Refilling or Replacement;
>
> Machine welded for leak-free operation;

Durable;

Quality Construction for Long Lasting Performance; and

5 Year Limited Warranty

Mark R. Simon, senior vice president and general manager of Kaz USA, Inc. ("Kaz USA"), admits that the Honeywell name is well-known and trusted to provide safe and quality products, and both Mr. and Mrs. Koch assert that they based their decision to purchase the HZ-690 in reliance on the Honeywell name and their previous experience with Honeywell products.

## II.  Standard of Review

The very purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary.  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The non-moving party has the burden of showing that there are issues of material fact to be determined.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial.  *Celotex*, 477 U.S.  at 323;  *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).  Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual

issue to be tried.  *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed.R.Civ.P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial.  *Celotex*, 477 U.S. at 323.  The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party.  *Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III.  Analysis

### A.  Mrs. Koch's CCPA Claim

"The CCPA was enacted to regulate commercial activities and practices which, because of their nature, may prove injurious, offensive, or dangerous to the public."  *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 146 (Colo. 2003).  To effectuate its remedial purpose, the CCPA is to be "liberally construed."  *Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co.,* 373 F.3d 1100, 1113 (10th Cir.2004).

"To prevail on a CCPA claim, a plaintiff must prove five elements: (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury."  *Park Rise Homeowners Ass'n, Inc. v.*

*Resource Const. Co.,* 155 P.3d 427, 434-35 (Colo. App. 2006).

Defendants argue that they are entitled to summary judgment on Mrs. Koch's CCPA claim because she cannot prove that they engaged in an unfair or deceptive trade practice; that any such practice caused her injuries; or that any such practices significantly impacted the public. I agree that some of the representations identified by Mrs. Koch do not constitute unfair or deceptive trade practices within the context of the CCPA as a matter of law but reject Defendants' remaining arguments.

**1. "Unfair or Deceptive Trade Practice" Element of Mrs. Koch's CCPA Claim**

A person engages in a "deceptive trade practice" for purposes of the CCPA when, in the course of their business, such person, among other things:

(a) Knowingly passes off goods, services, or property as those of another;

(b) Knowingly makes a false representation as to the source, sponsorship, approval, or certification of goods, services, or property; ...

(e) Knowingly makes a false representation as to the characteristics ... of goods ... or a false representation as to the sponsorship, approval, affiliation, or connection of a person therewith; ...

(g) Represents that goods are of a particular standard, quality, or grade ... if he knows or should know that they are of another; ... or

(u) Fails to disclose material information concerning goods which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction.

C.R.S. § 6-1-105(1).

Mrs. Koch asserts that Defendants use of the Honeywell name and logo in marketing, packaging, and selling the HZ-690 heater and its alleged misrepresentations about the heater's qualities and characteristics constitute unfair or deceptive trade practices that are actionable

under the CCPA.

### a.  Use of the Honeywell Name and Logo

Defendants argue that Kaz, Inc.'s use of the Honeywell name and logo does not constitute  an unfair or deceptive trade practice as a matter of law because the Agreement gave Kaz, Inc. the exclusive right to use the Honeywell name and logo on its products as reflected on the HZ-690 heater and its packaging.  In responding to Plaintiffs' motion to strike, Defendants deny that they are asserting that Mrs. Koch's CCPA should be dismissed because it is preempted by federal trademark law, and I therefore do not consider this issue or give further consideration to Plaintiffs' motion to strike on this basis.

The only case that Defendants cite in support of their argument that Kaz, Inc's use of the Honeywell trademark and logo does not constitute an unfair or deceptive trade practice as a result of the Agreement is *Video Professor, Inc. v. Amazon .com, Inc.,* 2010 WL1644630 (D. Colo. Apr. 21, 2010).  In that case, Video Professor, Inc. ("VPI") had entered into a contract with Amazon.com ("Amazon") whereby VPI granted Amazon "a non-exclusive, worldwide, perpetual, and royalty-free license to ... use all trademarks and trade names included in the Product Information." *Id.* at *2.  When Google users who searched for the keywords "video professor" were offered a sponsored link to a page at Amazon's website that listed Amazon's competing products above those of VPI, VPI sued Amazon for, among other things, violation of the CCPA.  *Id.*  Without citing any supporting legal authority, the district court concluded that Amazon was entitled to summary judgment on VPI's CCPA claim because Amazon's conduct was authorized under the terms of the parties' trademark license and, in that context, Amazon's actions could not be seen as unfair or deceptive within the meaning of the CCPA.  *Id.* at *4.

The district court's analysis in *VPI* has little relevance in this case.  VPI, unlike Mrs. Koch, was a party to the trademark license on which the district court relied in rejecting the CCPA claim.  With no other supporting legal authority, I reject Defendants' argument that Kaz, Inc.'s use of the Honeywell name and logo on its products does not constitute  an unfair or deceptive trade practice as a matter of law because the Agreement gave it the exclusive right to such usage.  I likewise reject Defendants' argument that the disclosure on the HZ-690 unit and packaging of Kaz, Inc.'s right to use Honeywell's name and logo under the Agreement preclude a finding that its actions in using the name and logo constitute an unfair or deceptive trade practice.  Viewing the evidence in the light most favorable to Mrs. Koch, a reasonable juror could find that Kaz, Inc.'s role in manufacturing and selling the HZ-690 heater was not adequately disclosed based on, among other things, the prominence of the Honeywell name and logo in relation to the disclosures regarding Kaz, Inc.

**b. Representations on the HZ-690 Packaging**

Mrs. Koch also argues that the following misrepresentations on the HZ-690 packaging constitute an unfair or deceptive trade practice under the CCPA:

> This Product Exceeds Industry Standards;
>
> Safety Matters;
>
> Permanently Sealed – Oil Never Requires Refilling or  Replacement;
>
> Machine welded for leak-free operation;
>
> Durable;
>
> Quality Construction for Long Lasting Performance; and
>
> 5 Year Limited Warranty

Defendants argue that none of these representations are actionable under the CCPA. First, Defendants argue that the statement "This Product Exceeds Industry Standards" is true and not a misrepresentation. As supporting evidence, Defendants cite the uncontradicted deposition testimony of Erik William Christiansen, Ph.D., that the HZ-690 "incorporated features that were not required by the industry standards." This testimony supports the truthfulness of the statement "This Product Exceeds Industry Standards" both as it appears on the HZ-690 packaging in isolation and in conjunction with a listing of specific features. Plaintiffs seek to avoid the import of this evidence by arguing that since the statement "This Product Exceeds Industry Standards" appears within the same emblem as the statement "Safety Matters," Defendants were expressly representing that the heater exceeded industry standards with respect to all safety features. This strained argument fails to create a triable issue on whether the statement "This Product Exceeds Industry Standards" is a misrepresentation actionable under the CCPA.

Defendants next argue that the phrase "Safety Matters," like phrases such as "Quality is Job 1 " and "quality construction," is too general to be enforceable as a misrepresentation under the CCPA. *See Warner v. Ford Motor Co.,* 2008 WL 4452338 (D. Colo. Sept. 30 2008) (phrase "Quality is Job 1 " was mere puffery and did not constitute a deceptive trade practice under the CCPA); *Park Rise Homeowner Assoc. v. Resource Constr. Co.,* 155 P.3d 427, 435-6 (Colo. App. 2006) (phrase "quality construction" represents statement of opinion as opposed to specific representation of fact subject to measure or calibration and therefore did not constitute a deceptive trade practice). In response, Plaintiffs attempt to distinguish the phrase "Safety Matters" by arguing that it is a specific representation subject to measure or calibration based on

a document that is not part of the HZ-690 packaging received by Plaintiffs.  This argument is unpersuasive, and I conclude that the statement "Safety Matters," taken in context, does not constitute a deceptive trade practice as a matter of law.   By the same reasoning, I conclude that the use of statements "Durable;" and  "Quality Construction for Long Last Performance," viewed in context, likewise do not constitute unfair or deceptive trade practices as a matter of law.

Plaintiffs do not argue that they did not receive a 5 year limited warranty on the HZ-690 heater.  In attempting to establish that the warranty statement on the packaging nonetheless constitutes an unfair or deceptive trade practice, Plaintiffs argue that this statement actually meant that the heater would operate normally for 5 years.  Even if this argument was plausible, it is negated by the language of the warranty itself which states that it "applies to repair or replacement of product found to be defective in material or workmanship."  *See Boyd v. A.O. Smith Harvestore Prods., Inc.,* 776 P.2d 1125, 1128 (Colo. App. 1989) ("A repair or replace warranty does not warrant the product's performance in the future.").  Again then, the "5 Year Limited Warranty" statement on the HZ-690 packaging does not constitute an unfair or deceptive trade practice as a matter of law.

The remaining statements on the HZ-690 packaging that the unit was "Permanently Sealed – Oil Never Requires Refilling or Replacement" and "Machine welded for leak-free operation" are representations of fact, and there are factual issues that preclude a determination on summary judgment that the use of these statements does not constitute an unfair or deceptive trade practice as a matter of law.  In sum then, Defendants are entitled to summary judgment on Mrs. Koch's CCPA claim only to the extent that this claim is based on representations of  "This

Product Exceeds Industry Standards;" "Safety Matters;" "Durable;" "Quality Construction for Long Lasting Performance;" and "5 Year Limited Warranty" on the HZ-690 heater packaging.

### c. Supporting Expert Testimony

Defendants' argument that Mrs. Koch lacks the requisite expert testimony to support her CCPA claim is predicated on C.R.S. § 6-1-105(1)(g) which provides that a person engages in a deceptive trade practice when such person "[r]epresents that goods are of a particular standard, quality, or grade ... if he knows or should know that they are of another." Since this but one of the deceptive trade practices that Mrs. Koch alleges in support of her CCPA claim, Defendant cannot wholly defeat this claim on this basis.

Insofar as Mrs. Koch relies on C.R.S. § 6-1-105(1)(g) to support her CCPA claim, she asserts that she is basing this claim on Defendants' actual knowledge that the HZ-690 is not a Honeywell product deserving of the implicit connotations of safety and reliability; that the HZ-690 did not have features for overheat protection; and that the heater leaked oil. Plaintiffs have provided evidence to support that Defendants had actual knowledge of Honeywell's reputation and incidents in which HZ-690 heaters leaked oil. Moreover, Defendants support their argument that Plaintiffs must establish what they "should have known" through expert testimony through citation to a single case, *Baumgartner v. Coppage,* 15 P.3d 304 (Colo. App. 2000).

In *Baumgartner,* the Colorado Court of Appeals concluded that plaintiffs had to file a certificate of review pursuant to C.R.S. §13-20-602 to support their claim under C.R.S. § 6-1-105(1)(g) predicated on the selling real estate brokers' failure to disclose property damage about which they should have known. *Id.* at 307-08. In reaching this conclusion, the Court noted that "under the allegations made here" expert testimony would be necessary to support plaintiffs'

claim because " [o]nly after expert testimony was presented establishing the standard of care could it be determined what a broker should have known concerning such hidden damage in the house, and whether defendants' conduct comported with the standards generally applicable to brokers in such situations." *Id.* Given its context, *Baumgartner* is of limited relevance here.

I therefore conclude that Defendants have failed to meet their burden of establishing that they are entitled to judgment as a matter of law on Mrs. Koch's CCPA claim under C.R.S. § 6-1-105(1)(g) due to a lack of supporting expert testimony.

## 2. Causation Element of Mrs. Koch's CCPA Claim

Defendants argue that any representations made in connection with the HZ-690 heater are too far removed from Plaintiffs' injuries to have been their proximate cause. Instead, Defendants argue that Mrs. Koch's injuries were caused by her "being unconscious and on the floor with the operating space heater having somehow come to be positioned on her face for a significant period of time."

As Plaintiffs point out, the existence of a causal link between a defendant's conduct and a plaintiff's injury is ordinarily a question of fact. *Hall v. Walter,* 969 P.2d 224, 237 (Colo. 1998). Furthermore, Defendants' narrow reading of causation under the CCPA would render the CCPA essentially meaningless since it is virtually always the consumer's use of the product that is the direct cause of the injuries suffered. Based on the evidence presented, I conclude that Defendants' have failed to meet their burden of demonstrating that there are no triable issues on whether their allegedly unfair and deceptive trade practices in using the Honeywell name and logo and making certain misrepresentations in connection with the HZ-690 heater caused Mrs. Koch's injuries.

### 3.  "Significant Public Impact" Element of Mrs. Koch's CCPA Claim

Relevant considerations in determining whether an unfair or deceptive trade practice significantly impacts the public include "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Rhino Linings, supra,* 62 P.3d at 149.

Defendants argue that Plaintiffs cannot meet their burden of proof on this element of their CCPA claim because they have no evidence to support any of the relevant considerations. Plaintiffs respond with evidence of the number of HZ-690 heaters sold between 2005-2008; the retailers utilized for sale of the HZ-690 heaters; and previously reported incidents of HZ-690 heaters leaking oil.  Plaintiffs also argue that lay consumers purchasing HZ-690 heaters through retailers such as Target , Home Depot, and Ace Hardware were necessarily in a weak position relative to Defendants and that thousands of heaters are presumably still in use as a result of Defendants' failure to recall HZ-690 heating units though the model was discontinued in 2008, creating the potential for injuries similar to Mrs. Koch's in the future.  In light of this evidence and common sense argument, I reject Defendants' contention that they are entitled to judgment as a matter of law on Mrs. Koch's CCPA claim because she cannot prove that their challenged practices significantly impact the public as consumers of the HZ-690 heater.

### B.  Mrs. Koch's Strict Liability for Product Misrepresentation Claim

The three elements of a prima facie case of strict liability for product misrepresentation are "(1) there must be a misrepresentation of a material fact concerning the character or quality

of a chattel; (2) the misrepresentation must be made to the public; and (3) physical harm must have resulted to a consumer from justifiable reliance on the misrepresentation." *Amer. Safety Equip. Corp. V. Winkler,* 640 P.2d 216, 222 (Colo. 1982). Defendants argue that Mrs. Koch's strict liability for product misrepresentation claim is deficient for some of the same reasons as her CCPA claim , *i.e.* that Mrs. Koch cannot show that Defendants made any misrepresentation with respect to the HZ-690 heater or that any such representation caused her injuries.

The same analysis that led me to conclude that a reasonable juror could find that Defendants' use of the Honeywell name and logo and its statements that the HZ-690 heater was "Permanently Sealed-Oil Never Requires Refilling or Replacement" and "Machine welded for leak-free operation" constituted unfair or deceptive trade practices that caused Mrs. Koch's injuries leads me to likewise conclude that a reasonable juror could find that these same representations constituted misrepresentations of material fact that caused Mrs. Koch's injuries. By the same token, the same analysis leads me to conclude that no reasonable juror could find that the other cited representations on the HZ-690 packaging satisfy the misrepresentation of material fact element of Mrs. Koch's product misrepresentation claim. Accordingly, Defendants' motion for summary judgment shall be granted on Mrs. Koch's strict liability for product misrepresentation claim only to the extent that this claim based on representations of "This Product Exceeds Industry Standards;" "Safety Matters;" "Durable;" "Quality Construction for Long Lasting Performance;" and "5 Year Limited Warranty" on the HZ-690 heater packaging.

**C. Mr. Koch's Loss of Consortium Claim**

Defendants seek summary judgment on Mr. Koch's loss of consortium claim to the extent

that Mr. Koch seeks to recover damages "pursuant to C.R.S. § 6-1-113 of the [CCPA] in an amount which would be the greater of his actual damages or the statutory minimum or three times the amount of actual damages sustained, plus costs, and reasonable attorney fees." Complaint, ¶ 37.  Defendants argue that treble damages and attorney fees authorized by Section 6-1-113 of the CCPA are not available to Mr. Koch because he has not asserted a claim under the CCPA.  I agree.

The Fifth Claim for Relief in Plaintiffs' Complaint states a claim under the CCPA and alleges that Defendants unfair and deceptive trade practices "caused the Plaintiff Shirley Doll to suffer injury to a legally protected interest ... such that Plaintiff Shirley Doll is entitled to recovery from the Defendants ... pursuant to said statute."  Complaint, ¶ 34.  The Complaint's Fifth Claim for Relief makes no reference to Mr. Koch.  Consistent with the allegations in the Complaint, the Scheduling Order entered in this case [Doc # 21] states that Mrs. Koch has asserted five claims including one under the CCPA while Mr. Koch has asserted a loss of consortium claim.

Under Colorado law, a loss of consortium claim, though derivative, is "separate from the claims of the injured person" and is "a distinct cause of action, giving rise to a separate and individual right to recover." *Colo. Comp. Ins. Auth. V. Jorgensen*, 992 P.2d 1156, 1164 n. 6 (Colo. 2000) (citations omitted).  Thus, it does not follow that Mr. Koch has a claim under the CCPA.  Mr. Koch is therefore only entitled to recover damages recognized for loss of consortium claims; that is, "noneconomic damages in the form of loss of affection, society, companionship, and aid and comfort of [Mrs. Koch]" and "economic damages for loss of household services [Mrs. Koch] would have performed and any resulting expenses which [Mr.

-15-

Koch] has had or ... will have in the future." CJI - Civ. 4th 6:6.  Mr. Koch may not recover the treble damages and attorney fees authorized under the CCPA on his sole claim for loss of consortium.

Having concluded that Plaintiffs have not asserted a claim under the CCPA on behalf of Mr. Koch, I do not consider Defendants' argument that Mr. Koch cannot state a claim under the CCPA based on injuries suffered by Mrs. Koch.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1.  Defendants' Motion for Summary Judgment on Claims for Violation of Colorado Consumer Protection Act and Strict Liability for Misrepresentation of Product (First Motion for Summary Judgment) [Doc # 92] is GRANTED IN PART AND DENIED IN PART;

2.  Summary judgment is entered in favor of Defendants on Plaintiff Shirley Doll Koch's CCPA claim to the extent that this claim is based on representations of "This Product Exceeds Industry Standards;" "Safety Matters;" "Durable;" "Quality Construction for Long Lasting Performance;" and "5 Year Limited Warranty" on the HZ-690 heater packaging;

3.  Summary judgment is entered in favor of Defendants on Plaintiff Shirley Doll Koch's strict liability for product misrepresentation claim to the extent that this claim is based on representations of "This Product Exceeds Industry Standards;" "Safety Matters;" "Durable;" "Quality Construction for Long Lasting Performance;" and "5 Year Limited Warranty" on the HZ-690 heater packaging;

4.  Summary Judgment is entered in favor of Defendants on Plaintiff Jimmie Koch's loss of consortium claim to the extent that Mr. Koch seeks to recover treble damages and attorney fees pursuant to the CCPA; and

5.  Plaintiffs' Motion to Strike That Portion of Defendants' Reply in Support of Defendant's First Motion for Summary Judgment Arguing that Plaintiffs' CCPA Claims are Preempted by Trademark Law [Doc # 135] is DENIED.

Dated: July __1__, 2011 in Denver, Colorado.

BY THE COURT:

_____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE