IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-02976 - LTB - BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

      Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

      Defendants.

_____

## ORDER
_____

      This case is before me on Defendants' Motion for Summary Judgment on Claims of Manufacturing Defect (Fourth Motion for Summary Judgment) [Doc # 96]. It is undisputed in this diversity case that Colorado state law controls. After consideration of the motion and all related pleadings, as well as the case file, I deny Defendants' Fourth Motion for Summary Judgment as set forth below.

### I. Background

      This action arises out of injuries that Plaintiff Shirley Doll Koch sustained when a Honeywell model number HZ-690 Oil Filled Convection Radiator Heater allegedly overheated and ruptured at a weld spot, causing the release of hot oil that burned Mrs. Koch's face and body. By their Fourth Motion for Summary Judgment, Defendants seek summary judgment on Mrs. Koch's claims for negligence and strict liability to the extent that these claims are predicated on an alleged manufacturing defect in the HZ-690 heater. Defendants argue that they

cannot be liable for any manufacturing defect because neither Kaz, Inc. nor Kaz USA, Inc. ("Kaz USA") is the manufacturer of the HZ-690 heater. For purposes of my analysis of Defendants' Fourth Motion for Summary Judgment, the following facts are undisputed unless otherwise noted.

On the evening of February 14, 2008, Mrs. Koch was found unconscious by her husband with the HZ-690 heater resting on the left side of her face. Mrs. Koch suffered third-degree burns to her face and head where her skin had come in contact with the heater and second-degree burns where her skin had come in contact with either radiant heat or oil from the heater. Little is known about the circumstances preceding Mrs. Koch's injuries as Mrs. Koch was home alone that day and has little recollection of how she ended up on the floor of her bedroom with the heater on her face. Experts for both Plaintiffs and Defendants have opined, however, that the release of hot oil from the heater was caused by the fact that the heater was tipped on its side and inverted resulting in the build-up of excessive pressure inside the heater.

Neither Kaz, Inc. nor Kaz USA physically produced the HZ-690 heater at issue in this case. Rather, according to Defendants' Responses to Plaintiffs' First Set of Interrogatories, the HZ-690 heater "was produced by Ningbo Honecho Co. LTD., a division of Smal Electrics Imp. & Exp. Co. LTD. No. 737-1, Xinjian Road (N) , Yayao City, Zhejiang Province, China 3154000 ("Honecho"), in a joint venture with Kaz USA." In deposition testimony, however, Walter Birdsell, a former engineering manager and director for Kaz, Inc., stated that "the actual contract" was between Kaz, Inc. and Honecho. Kaz, Inc. provided Honecho with the design and specifications for the HZ-690 heater and inspected the completed product for compliance with these plans.

Based on the report of Plaintiffs' expert, Carl Finocchario, Defendants assert that the manufacturing defect alleged by Plaintiffs is the presence of contaminated oil inside the heater. Plaintiffs did not address this assertion or otherwise identify any particular manufacturing defect in the HZ-690 heater that they allege caused Mrs. Koch's injuries.

## II. Standard of Review

The very purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed.R.Civ.P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative

inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III. Analysis

"A joint venture is a partnership formed for a limited purpose, and the acts of one joint venturer are binding upon other joint venturers if those acts pertain to matters within the scope of the joint venture and the joint venturer had authority to act." *Bebo Constr. Co. v. Mattox & O'Brien, P.C.,* 998 P.2d 475, , 477 (Colo. App. 2000) (citation omitted). Thus, a joint venturer is liable for the actions of other joint venturers. *Id.*

Defendants characterized their relationship with Honecho as a joint venture in responses to written interrogatories that were prepared with the assistance of counsel and that have not been amended. Defendants nonetheless argue that Plaintiffs cannot demonstrate that the relationship was a joint venture as a matter of law. In support of this argument, Defendants attach an affidavit to their reply brief in which Defendants' treasurer states that there has never been an agreement between Honecho and any Kaz entity to share in profits or losses relating to the HZ-690 heater. *See Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 619 (Colo. 1999) (a joint venture exists when there is, among other things, an express or implied agreement to share in profits or losses of the venture). I am unpersuaded that there are no factual issue as to whether the HZ-690 heater at issue in this case was produced pursuant to a joint venture between

Honecho and one or both of the Defendants which would render Defendants liable for any manufacturing defect caused by Honecho.

Furthermore, C.R.S. § 13-21-401(1), which governs product liability actions in Colorado, defines "manufacturer" as

> ... a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer.  The term includes ... a seller of a product who creates and furnishes a manufacturer with specifications relevant to the alleged defect for producing the product or who otherwise exercises some significant control over all or a portion of the manufacturing process ...

At a minimum, there are factual issues that preclude a determination that either Kaz, Inc. or Kaz USA do not fall within the scope of this definition.  Although Colorado's product liability statutes provide for comparative fault, *see* C.R.S. § 13-21-406, it does not follow that Defendants cannot be held liable to any degree for any manufacturing defect in the HZ-690 heater.

As to the specific manufacturing defect in the HZ-690 heater alleged by Plaintiffs, Defendants argue primarily in the reply brief that there is no evidence that a defect in the form of contaminated oil inside the HZ-690 heater existed.  Defendants, however, framed the issue presented by their motion as whether they can be held liable for any manufacturing defect in the HZ-690 heater when they did not physically produce the heater.  *See* Motion , pp. 2 & 5 n. 2. Defendants further stated that they intended to file a separate motion challenging the admissibility of Mr. Finocchario's opinions regarding a manufacturing defect in the form of contaminated oil.  To date, no such motion has been filed, and I decline to rule on the admissibility of Mr. Finocchario's opinions in the context of Defendants' Fourth Motion for Summary Judgment.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment on Claims of Manufacturing Defect (Fourth Motion for Summary Judgment) [Doc # 96] is DENIED.

Dated: July   1  , 2011 in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE