IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-02976 - LTB - BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

    Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

    Defendants.

_____

ORDER
_____

    This case is before me on Defendants' Motion for Summary Judgment on Claim for Breach of Express and Implied Warranty (Fifth Motion for Summary Judgment) [Doc # 98]. It is undisputed in this diversity case that Colorado state law controls. After consideration of the motion and all related pleadings, as well as the case file, I grant Defendants' Fifth Motion for Summary Judgment in part and deny it in part as set forth below.

## I. Background

    This action arises out of injuries that Plaintiff Shirley Doll Koch sustained when a Honeywell model number HZ-690 Oil Filled Convection Radiator Heater allegedly overheated and ruptured at a weld spot, causing the release of hot oil that burned Mrs. Koch's face and body. Plaintiffs' Complaint asserts a claim for breach of express and implied warranty on behalf of Mrs. Koch that alleges breach of implied warranty of merchantability/fitness for ordinary purpose, breach of implied warranty of fitness for a particular purpose, and breach of express warranty. By their response to Defendants' motion, Plaintiffs have has withdrawn Mrs. Koch's

claim for breach of implied warranty of fitness for a particular purpose. I therefore need only address Mrs. Koch's claims for breach of implied warranty of merchantability/ fitness for ordinary purpose and breach of express warranty. For purposes of my analysis of Defendants' Fifth Motion for Summary Judgment, the following facts are undisputed unless otherwise noted.

On the evening of February 14, 2008, Mrs. Koch was found unconscious by her husband with the HZ-690 heater resting on the left side of her face. Mrs. Koch suffered third-degree burns to her face and head where her skin had come in contact with the heater and second-degree burns where her skin had come in contact with either radiant heat or oil from the heater. Little is known about the circumstances preceding Mrs. Koch's injuries as Mrs. Koch was home alone that day and has little recollection of how she ended up on the floor of her bedroom with the heater on her face. Experts for both Plaintiffs and Defendants have opined, however, that the release of hot oil from the heater was caused by the fact that the heater was tipped on its side and inverted resulting in the build-up of excessive pressure inside the heater.

Plaintiff Jimmie Koch purchased the HZ-690 heater to replace another Honeywell heater that Plaintiffs had used for a number of years. The box for the HZ-690 heater displays the following representations:

> Quality Construction for Long-Lasting Performance
>
> · Solid, heavy-gauge steel
> · Durable, rust-free enamel finish
> · Machine welded for leak-free operation
>
> This Product Exceeds Industry Standards
>
> · 3 Prong Grounded Plug
> · Heavy Duty Power Cord
> · Concealed Heating Element
>
> Permanently Sealed – Oil Never Requires Refilling or Replacement

### Safety Matters

Erik William Christiansen, Ph.D., has provided uncontradicted deposition testimony that the HZ-690 in fact "incorporated features that were not required by the industry standards."

The HZ-690 heater met Underwriters Laboratories ("UL") standards. The UL standards are not legal requirement but rather voluntary standards. UL standards are derived from various sources including the government, the relevant industry, and UL's internal product testing. Walter Birdsell, a former engineering manager and engineering director for Honeywell Consumer Products and Kaz, Inc. whose deposition testimony on UL standards is cited by both Plaintiffs and Defendants, stated that no major retailer will accept a product for sale unless it has passed the applicable UL standards. Mr. Birdsell further stated that a manufacturer can choose to exceed UL standards. UL standards do not require a tip-over switch or thermal cut-off device for oil-filled radiator heaters.

Mr. Birdsell was aware of two recalls of oil-filled radiator heaters by other manufacturers prior to Mrs. Koch's injuries but asserts that these heaters were manufactured via a different process than that used for the HZ-690 heater. Kaz, Inc. received complaints of oil leakage from the HZ-690 heater due to weld failure and otherwise both before and after Mrs. Koch's injuries. Testing of the HZ-690 heater in 2005 also revealed oil leakage. Nonetheless, Dr. David Krauss, Defendants' human factors expert, has opined that the incident that caused Mrs. Koch's injuries "must be considered extremely unusual" based on his review of national records regarding injuries from all types of heaters and the complaints received by Kaz, Inc.

## II. Standard of Review

The very purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed.R.Civ.P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party.

*Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

## III. Analysis

### A. Claim for Breach of Express Warranty

An express warranty is created by

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

C.R.S. § 4-2-313(1). Under the plain language of Section 4-2-313(1) then, an express warranty must be made to the buyer; otherwise, it cannot be part of the basis of the bargain for sale. Thus, Mrs. Koch cannot base her claim for breach of express warranty on representations made to retailers in a Marketing Deck and "Safety Matters" document that were never provided to Plaintiffs.

As to whether Mrs. Koch can assert a claim for breach of express warranty based on representations on the HZ-690 box that she herself did not see prior to Mr. Koch's purchase of the heater, the parties present conflicting authority as to whether reliance is an element of a claim for breach of express warranty. *Compare Assocs. of San Lazaro v. San Lazaro Park Props.*, 864 P.2d 111, 115 (Colo. 1993) (noting that rule and policies behind warranties are not furthered in circumstances where buyer does not rely on warranties) *with Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 645 (10th Cir. 1991) (citing Official Comment 3 to C.R.S. § 4-2-313(1) and authorities from other jurisdictions in affirming trial court's submission of express warranty claim to jury despite no evidence of reliance by buyer). To resolve this apparent conflict, I turn to Section 4-3-313(1) itself. As noted in *Lutz Farms,* Official Comment 3 to Section 4-2-313(1)

provides

> In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement.

I therefore conclude that Defendants are not entitled to judgment as a mater of law on Mrs. Koch's claim for breach of express warranty on the basis that she cannot demonstrate reliance on the representations on the box of the HZ-690 heater.

I must now determine which, if any, of the representations on the HZ-690 box constitute express warranties. In this regard, no express warranty is created by language that is "merely the seller's opinion or commendation of the goods." C.R.S.§ 4-2-313(2). *See also Park Rise Homeowners Ass'n, Inc. v. Resource Constr. Co.,* 155 P.3d 427, 435 (Colo. App. 2006) ("Mere statements of opinion such as puffing or praise of goods by seller is no warranty.").

Of the statements cited by Plaintiffs in their response to Defendants' Fifth Motion for Summary Judgment, I conclude that only the statements "This Product Exceeds Industry Standards;" "Permanently Sealed – Oil Never Requires Refilling or Replacement; " "Machine welded for leak-free operation;" and "Solid, heavy-gauge steel" constitute express warranties under Section 4-2-313. The other statements that the HZ-690 heater was "Durable;" "Quality Construction for Long Lasting Performance;" and "Safety Matters" reflect Defendants' opinion, commendation, or praise of the heater and/or the process by which it was manufactured and are therefore not actionable under Section 4-2-313.

Although the statement "This Product Exceeds Industry Standards" constitutes an express warranty, the uncontradicted deposition testimony of Erik William Christiansen, Ph.D., that the HZ-690 heater "incorporated features that were not required by the industry standards" establishes that is objectively true and therefore not actionable. Factual issues surrounding the

-6-

circumstances of Mrs. Koch's injuries preclude a determination that there was no breach of the other express warranties - *i.e.* "Permanently Sealed – Oil Never Requires Refilling or Replacement; " "Machine welded for leak-free operation;" and "Solid, heavy-gauge steel" - as a matter of law.

In sum then, Defendants are entitled to summary judgment on Mrs. Koch's claim for breach of express warranty only to the extent that this claim is based on the statements "This Product Exceeds Industry Standards;" "Safety Matters;" "Durable;" and "Quality Construction for Long Lasting Performance."

### B. Claim for Breach of Implied Warranty of Merchantability/Fitness for Ordinary Purpose

To succeed on her claim for breach of implied warranty or merchantability or fitness for ordinary purpose, Mrs. Koch must prove, among other things, that the HZ-690 heater "was not of merchantable quality at the time of sale."  CJI - Civ. 4th 14: 10.  Plaintiffs argue that the HZ-690 heater that caused Mrs. Koch's injuries was not merchantable because (1) it was not fit for the ordinary purpose that for which such heaters are used, *i.e.* to provide heat in homes; (2) it did not conform to the promises or affirmations of fact made on the box it came in; and (3) it would not pass without objection in the trade under the contract description.  *See* C.R.S. § 4-2-314(2)(a)(c) & (f).

Defendants cite the fact that the HZ-690 heater met UL standards as proof that the heater would pass without objection in the trade, and Plaintiffs cannot overcome this evidence with unsubstantiated allegations that the heater may have contained contaminated oil.  Summary judgment is, however, inappropriate on Plaintiffs' remaining claims that the HZ-690 heater was not merchantable because it was not fit for its ordinary purpose and did not conform to the representations on its packaging.  Specifically, factual issues surrounding the circumstances of

Mrs. Koch's injuries and evidence of other incidents involving the HZ-690 heater preclude summary judgment on these claims.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1. Defendants' Motion for Summary Judgment on Claim on Breach of Express and Implied Warranty (Fifth Motion for Summary Judgment) [Doc # 98] is GRANTED IN PART AND DENIED IN PART;

2. Summary judgment is entered in favor of Defendants on Plaintiff Shirley Doll Koch's claim for breach of express warranty to the extent that this claim is based on the statements "This Product Exceeds Industry Standards;" "Safety Matters;" "Durable;" and "Quality Construction for Long Lasting Performance" on the box for the HZ-690 heater;

3. Summary judgment is entered in favor of Defendants on Plaintiff Shirley Doll Koch's claim for breach of the implied warranty of merchantability/fitness for ordinary purpose to the extent that this claim alleges that the HZ-690 heater was not merchantable because it would not pass without objection in the trade under the contract description; and

4. Defendants' Fifth Motion for Summary Judgment is denied in all other respects.

Dated: July __1__, 2011 in Denver, Colorado.

                                            BY THE COURT:

                                            s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE