IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-02976 - LTB - BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

    Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

    Defendants.

_____

ORDER
_____

This case is before me on Plaintiffs' Motion to Exclude Certain Evidence Pertaining to Drugs [Doc # 198]. As stated on the record at the hearing held on September 8, 2011 and for the reasons set forth below, I grant Plaintiffs' motion.

## I. Background

By the motion, Plaintiffs seek to limit evidence of Plaintiff Shirley Doll Koch's drug use to what medications Ms. Koch had been prescribed in the year before the incident involving Defendants' HZ-690 heater; what medications Ms. Koch took the day of and the day before the incident; the post-incident laboratory findings pertaining to drugs; expert testimony based on the foregoing as well as Ms. Koch's clinical conditions; and the medications Ms. Koch has taken post-incident.

Plaintiffs seek to exclude evidence that (1) Ms. Koch suffered an overdose on the date of the incident through the use of non-prescription drugs; (2) several prescription medication

bottles were found at the scene and delivered to the hospital; (3) Ms. Koch had altered a prescription for opiate medication two years before the incident; and (4) Ms. Koch overused and abused prescription opiate medication in the years before and after the incident resulting in her doctor twice terminating his treatment of her. Plaintiffs argue that this evidence should be excluded under Fed. R. Evid. 401, 402, 403, 404 & 608.

## II. Analysis

Ms. Koch's alteration of a prescription in 2006 is too remote in time to have any relevance in this case, and Defendants have conceded that there is no evidence that Ms. Koch ever used non-prescription drugs. The remaining evidence relating to the bottles found at the scene and Ms. Koch's pre and post-accident overuse and abuse of prescription drugs has no tendency to show what drugs Ms. Koch took on the date of the incident or what happened on that day.

Even if evidence of Ms. Koch's historical use of prescription drugs has some limited relevance to the issues of liability, damages, and Ms. Koch's credibility, this evidence is highly prejudicial because it would bias the jury against Ms. Koch based on her status as a drug abuser. *See e.g. Reppert v. Marion,* 259 Fed. Appx. 481, 489 (3d Cir. 2007) (testimony relating to prior drug use has "a substantial tendency to confuse the issues, and to inflame passions of the jury by unfairly titling the balance of sympathies in favor of defendants."); *Eugene v. Mormac Marine Transport, Inc.,* 1994 WL 25527 at * 2 (E.D. La. Jan. 24, 1994) (evidence of drinking by plaintiff prior to date of injury was "highly prejudicial" and excluded since it "appear[ed] as an attempt to label [the plaintiff ] as an alcoholic"). *See also United States v. Caraway,* 534 F.3d 1290, 1301 (10th Cir. 2008) (exclusion is appropriate if evidence that has "an undue tendency to

suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Moreover, there is sufficient other evidence available to Defendants on these issues. For instance, Defendants may use evidence of pain medications prescribed by Ms. Koch in the year preceding the incident to establish that she suffered from pre-existing conditions and therefore should not recover the cost of these medications from Defendants and may use Ms. Koch's recovered memories to establish that she lacks credibility.

Under these circumstances, I conclude that the probative value of the evidence Plaintiffs seek to exclude is substantially outweighed by the danger of unfair prejudice and subject to exclusion under Fed. R. Evid. 401, 402, 403, 404 & 608

IT IS THEREFORE ORDERED as follows:

1. Plaintiffs' Motion to Exclude Certain Evidence Pertaining to Drugs [Doc # 198] is GRANTED;

2. Defendants are precluded from offering any evidence, including questioning on cross-examination of Plaintiff Shirley Doll Koch, (1) that Ms. Koch suffered an overdose on the date of the incident involving Defendants' HZ-690 heater through the use of non-prescription drugs; (2) that several prescription medication bottles were found at the scene and delivered to the hospital; (3) that Ms. Koch had altered a prescription for opiate medication two years before the incident; and (4) that Ms. Koch overused and abused prescription opiate medication in the years before and after the incident resulting in her doctor twice terminating his treatment of her; and

3. Nothing in this Order shall preclude Defendants from offering evidence regarding medications prescribed to Ms. Koch in the year before the incident; medications Ms. Koch took the day of and the day before the incident; the post-incident laboratory findings pertaining to

drugs; expert testimony based on the foregoing and Ms. Koch's clinical conditions; and the medications she has taken post-incident to treat her injuries.

Dated: September   13  , 2011 in Denver, Colorado.

                                            BY THE COURT:

                                               s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE