IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-02976 - LTB - BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

    Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

    Defendants.

---

# ORDER

---

This case is before me on Plaintiffs' Motion to Exclude All Opinion Testimony of Defense Expert David A. Krauss [Doc # 207]. As stated on the record at the hearing held on September 8, 2011 and for the reasons set forth below, I grant Plaintiffs' motion.

## I. Background

Based on his report, Plaintiffs expect Dr. Krauss, an expert in the field of human factors, to testify at trial (1) that accidents of the type experienced by Ms. Koch do not occur in the empirical record of incidents with the same heater make or model, nor with a variety of other types of heaters; (2) that Ms. Koch's accident was not in any way foreseeable and therefore did not merit a different design of the HZ-690, nor did it warrant the inclusion of a warning against such incidents; and (3) that the opinions of Plaintiffs' engineering, toxicology, and emergency medicine experts are based on scientifically untenable methods.

Plaintiffs argue that these opinions must be excluded under Fed. R. Evid. 702 & 403

because (1) they are based upon an improperly skewed statistical analysis and unreliable data; (2) Dr. Krauss's opinions are contrary to the law of foreseeability in Colorado; and (3) Dr. Krauss, who is not a trained engineer, medical doctor, or toxicologist, is not qualified to opine about the methodology of Plaintiffs' experts.

## II. Legal Standard

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Rule 702 imposes on the district court a gatekeeper function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993).

Under Fed. R. Evid. 104(a), the Court determines the admissibility of expert testimony as a preliminary matter. *United States v. Turner,* 285 F.3d 909, 912-13 (10th Cir. 2002). First, the Court determines whether the proffered expert witness is qualified, and next whether the proffered opinions are both relevant and reliable. Fed. R. Evid. 104(a) & 702; *Daubert*, 509 U.S. at 593. The proponent of the evidence bears the burden of establishing that the proffered expert's testimony is admissible. *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 970 (10th Cir. 2001). To satisfy this burden, the proponent of the expert testimony must make a prima facie showing that (1) the witness is qualified to render the proffered opinions; (2) the

opinions are based upon scientifically valid reasoning or methodology; and (3) the opinions apply to the facts at issue in the case. Fed. R. Evid. 702; *see also Daubert, supra*. A district court has "the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 142 (1999).

In assessing the reliability of a proffered opinion, the Court may consider: (1) whether the opinion is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community. *Hollander v. Sandoz Pharmaceuticals Corp.,* 289 F.3d 1193, 1205 (10th Cir. 2002).

Admissible expert testimony cannot be based on subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 590. It must be supported by "appropriate validation – *i.e.*, 'good grounds,' based on what is known." *Id.* "The [proponent] need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the [proponent] must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Mitchell v. Gencorp Inc.,* 165 F.3d 778, 781 (10th Cir. 1999) (internal citation omitted).

Any issue of credibility or weight of the expert's testimony belongs to the trier of fact. *Frederick v. Swift Transp. Co., Inc.,* 591 F. Supp.2d 1156, 1159 (D. Kan. 2008).

"Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "These conventional devices, rather than wholesale exclusion under an uncompromising general acceptance test, are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702." *Id. See also Jones v. Otis Elevator,* 861 F.2d 655, 663 (11th Cir. 1988) ("the weaknesses in the underpinnings of the opinion[ ] go to the weight and not the admissibility of the testimony").

Reliable opinions by a qualified expert must also be relevant in order to "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. The question of whether proposed testimony is sufficiently relevant to the task at hand is related to the question of the testimony's reliability. *See Norris v. Baxter Healthcare Corp.,* 397 F.3d 878, 884, fn. 2 (10th Cir. 2005) ("Under the relevance prong of the *Daubert* analysis, the court must ensure that the proposed expert testimony logically advances a material aspect of the case. ... The evidence must have a valid scientific connection to the disputed facts in the case."). "[W]hen the conclusion simply does not follow from the data, a district court is free to determine that an impermissible analytical gap exists between premises and conclusion." *Bitler v. A.O. Smith Corp.,* 391 F.3d 1114, 1121 (10th Cir. 2004).

In products liability litigation, the issues of relevance and reliability often presents within the context of "other similar incidents," which either party may attempt to rely on to prove or disprove notice or defect. *See Black v. M & W Gear Co.,* 269 F.3d 1220, 1227 (10th Cir. 2001) ("evidence of other accidents in a products liability suit is relevant to show notice, demonstrate the existence of a defect, or to refute the testimony of a defense witness"). "Before evidence of

other accidents is admissible for any purpose, however, the party seeking its admission must show the circumstances surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court." *Id.*

Additionally, the Court must always balance the issues of reliability and relevancy with the possible undue prejudice that may result from the admission of evidence at trial. *See Daubert*, 509 U.S. at 595. Under Rule 403, the Court has broad discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Thus, evidence deemed admissible under Rule 702 may still be excluded under Rule 403. *See e.g. Allison v. McGhan Medical Corp.,* 184 F.3d 1300, 1310 (11th Cir. 1999). In particular, "[a]s the circumstances and conditions of other accidents become less similar to the accident under consideration, the probative force of such evidence decreases." *Nachtsheim v. Beech Aircraft Corp.,* 847 F.2d 1261, 1269 (7th Cir. 1988).

### III. Analysis

Dr. Krauss's opinions are rooted in information contained in the Consumer Product Safety Commission's National Electronic Injury Surveillance System ("NEISS") database which tracks emergency room visits by people injured by a variety of products. Rather than limit his analysis to injuries from heaters that were substantially similar to the HZ-690, Dr. Krauss analyzed NEISS data for five categories of products - "kerosene or oil heaters; portable gas or LP heaters; gas or LP heaters not further classified; portable electric heaters; and electric heaters not further classified." In estimating the risk associated with the HZ-690, Dr. Krauss also assumed a market share for Defendants based on an internal projection that did not mirror reality. As a result of these and other flaws in his methodology and data, I conclude that Dr.

Krauss's statistical analysis lacks the requisite reliability and relevance under Fed. R. Evid. 401 & 702.

Dr. Krauss's opinion on foreseeability is based not only on his flawed statistical analysis but also on an misconception of this legal concept. Specifically, Dr. Krauss focused on the particular circumstances surrounding Ms. Koch's injuries rather than the more general risk that a consumer could be injured if the HZ-690 tipped over or became inverted. Such a narrow focus is contrary to Colorado law. *See HealthONE et al. v. Rodriguez,* 50 P.3d 879, 889 (Colo. 2002) ("[I]n order for an injury to be a foreseeable consequence of a negligent act, it is not necessary that the tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur, but only that some injury will likely result in some manner as a consequence of his negligent acts."). I therefore conclude that Dr. Krauss's opinion on foreseeablity lacks the requisite relevance under Fed. R. Evid. 401.

Finally, testimony by Dr. Krauss that the opinions by Dr. Keller, an ER physician; Dr. Verdeal, a toxicologist; and Mr. Finocchario, an engineer, were not reached within a reasonable degree of probability speaks to the question of whether these opinions are admissible in the first instance which is an issue to be decided by the Court.

For these reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion to Exclude All Opinion Testimony of Defense Expert David A. Krauss [Doc # 207] is GRANTED; and

2. Dr. Krauss shall not be permitted to testify (1) that accidents of the type experienced by Ms. Koch do not occur in the empirical record of incidents with the same heater make or model, nor with a variety of other types of heaters; (2) that Ms. Koch's accident was not in any

way foreseeable and therefore did not merit a different design of the HZ-690, nor did it warrant the inclusion of a warning against such incidents; and (3) that the opinions of Plaintiffs' engineering, toxicology, and emergency medicine experts are based on scientifically untenable methods.

Dated: September   13  , 2011 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE