IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-02976 - LTB - BNB

SHIRLEY DOLL KOCH and
JIMMIE KOCH,

    Plaintiffs,

v.

KAZ USA, INC., and
KAZ, INC.,

    Defendants.

___

ORDER
___

This case is before me on Plaintiffs' Motion to Exclude Certain Testimony re: Defendants' IME Expert Witness, Gary S. Gutterman, M.D. [Doc # 200]. As stated on the record at the hearing held on September 8, 2011 and for the reasons set forth below, I grant Plaintiffs' motion in part and deny it in part.

**I. Background**

Dr. Gutterman has been endorsed by Defendants to rebut the testimony of Plaintiff Shirley Doll Koch's psychiatrist, Dr. Aylesworth, who diagnosed Ms. Koch with postraumatic stress disorder, major depressive disorder, and cognitive disorder as a result of the February 14, 2008 incident involving Defendants' HZ-690 portable heater that left Ms. Koch with severe burns on her face and elsewhere on her body.

Dr. Gutterman has opined that most of Ms. Koch's psychiatric issues relate to pre-exisiting conditions and is also expected to testify (1) that Ms. Koch is not a credible or truthful

person; (2) that Ms. Koch overused and abused prescription drugs in the years before and after the incident; and (3) that Ms. Koch altered a prescription for opiate medication two years prior to the incident.

Plaintiffs argue that this testimony must be excluded under Fed. R. Evid. 401, 402, 403 and 404 because (1) it is improper expert opinion; (2) it is irrelevant, misleading, confusing, and cumulative; (3) its probative value is substantially outweighed by the danger of unfair prejudice; and (4) it attacks Ms. Koch's character and is being used to show that she acted in accord with bad character and past misconduct.

## II. Analysis

"Credibility determinations are within the province of the jury," *Bledsoe v. Bruce,* 569 F.3d 1223, 1237 (10th Cir. 2009), such that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony." *United States v. Toledo,* 985 F.2d 1462, 1470 (10th Cir. 1993). Thus, to avoid usurping a critical function of the jury, Dr. Gutterman may not offer his opinion at trial that Ms. Koch is not a credible person or a credible historian.

In my ruling on Plaintiffs' Motion to Exclude Certain Evidence Pertaining to Drugs [Doc # 198], I have already ordered that, under Fed. R. Evid. 401, 402, 403, 404 & 608, Defendants cannot offer any evidence that Ms. Koch had altered a prescription for opiate medication two years before the incident and that she overused and abused prescription medication in the years before and after the incident. Consistent with this Order, Dr. Gutterman is precluded from testifying on these same issues including his conclusion that "it is apparent that [Ms. Koch] has a long history of drug abuse of narcotics and excessive use of benzodiazepines." *See* Dr. Gutterman's Report dated February 2, 2011 ("Report"), p. 10.

The fact that Ms. Koch took certain prescription drugs did, however, contribute to Dr. Gutterman's conclusions about her pre-existing mental state. Specifically, Dr. Gutterman notes that Ms. Koch's long-standing use of Alprazolam points to the probability of a long-standing anxiety disorder and suggests that other prescription drugs indicate that Ms. Koch had bouts of depression over the years. *See* Report, p.10. Dr. Gutterman may therefore testify about these specific prescription drugs taken by Ms. Koch to the extent that this drug use affected the diagnosis or prognosis that he ascribed to her.

IT IS THEREFORE ORDERED as follows:

1. Plaintiffs' Motion to Exclude Certain Testimony re: Defendants' IME Expert Witness, Gary S. Gutterman, M.D. [Doc # 200] is GRANTED IN PART and DENIED IN PART;

2. Dr. Gutterman shall not be permitted to testify (1) that Ms. Koch is not a credible or truthful person; (2) that Ms. Koch overused and abused prescription drugs in the years before and after the incident; and (3) that Ms. Koch altered a prescription for opiate medication two years prior to the incident;

3. Nothing in this Order shall preclude Dr. Gutterman from testifying about other inconsistencies between what Ms. Koch told him and her medical records to the extent that these inconsistencies affected the diagnosis or prognosis that he ascribed to her; and

4. Nothing in this Order shall preclude Dr. Gutterman from testifying about specific prescription drugs taken by Ms. Koch for anxiety order or depression to the extent that this drug use affected the diagnosis or prognosis that he ascribed to her.

Dated: September  13 , 2011 in Denver, Colorado.

>BY THE COURT:

>  s/Lewis T. Babcock
> LEWIS T. BABCOCK, JUDGE